UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Village Bank, on behalf of itself and all
others similarly situated,

       Plaintiff,

v.

Caribou Coffee Company, Inc.,
Bruegger's Enterprises, Inc., Einstein &
Noah Corp., and Einstein Noah Restaurant
Group, Inc.,

       Defendants.

Case No. 19-cv-1640 (JNE/HB)
ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary

Approval of Class Action Settlement and Notice Plan. ECF No. 45. Plaintiff filed a Class

Action Complaint on August 1, 2014, alleging various claims against Caribou Coffee

Company, Inc., Bruegger's Enterprises, Inc., Einstein & Noah Corp., and Einstein Noah

Restaurant Group, Inc. (collectively, "Caribou") arising out of the payment card data

breach that Caribou publicly disclosed in 2018. ECF No. 1. The parties engaged in

mediation and have preliminarily entered into a settlement.

The Court has considered the Motion, the proposed Class Action Settlement

Agreement ("Settlement Agreement"), the proposed notices to be distributed to the

Settlement Class, the proposed Claim Form, and the other papers submitted in connection

with the Motion. Based on the files, records, and proceedings herein, and for the reasons

stated below, IT IS ORDERED THAT:

1.      The Court adopts the defined terms as set forth in the Settlement Agreement

for any term undefined herein. *See* Bleichner Decl. (Settlement Agreement attached as Ex.

A).

2.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2),

and personal jurisdiction over the Parties before it. Additionally, venue is proper in this

District pursuant to 28 U.S.C. § 1391(a).

3.      The Settlement Agreement defines the Settlement Class as:

All banks, credit unions, financial institutions, and other entities in the United States (including its Territories and the District of Columbia) that issued Visa- and/or MasterCard-branded payment cards (including debit or credit cards) that were affected by the Data Breach and/or part of initial and/or final alerts from Visa or MasterCard related to the Data Breach.

4.      The Settlement Class shall exclude entities that validly request exclusion

pursuant to Paragraph 49(a) of the Settlement Agreement.

5.      Upon preliminary review, the Court finds that the Settlement is fair,

reasonable, and adequate to warrant providing notice of the Settlement to the Class and

accordingly is preliminarily approved.

6.      For settlement purposes only, and without judging the merits of the Action,

the Court finds that the Settlement Class meets the certification criteria under Federal Rule

of Civil Procedure 23(a) and makes the following findings. The number of class members

is so numerous that joinder of all class members is impractical. There are questions of law

and fact common to the class with respect to Caribou's alleged inadequate data security

measures, as described in the Complaint. Plaintiff's claims are typical of the claims of the

Settlement Class as they arise from the same operative facts and seek similar relief. Finally,

Plaintiff and its counsel will fairly and adequately protect the interests of the Settlement Class. The Settlement Class Representative has no conflicting interests with the Settlement Class and has retained experienced counsel to prosecute this matter on behalf of the Settlement Class.

7.      Similarly, for purposes of preliminary approval, the Court further finds that the Settlement Class meets the certification criteria under Federal Rule of Civil Procedure 23(b)(3). The aforementioned common issues predominate over any individualized issues, and the resolution and settlement of this Action as a class action is superior to alternative methods to adjudicate the Settlement Class' claims.

8.      The assistance of a retired United States Magistrate Judge as a mediator in the settlement process supports the conclusion that the Settlement was non-collusive and fairly negotiated at arm's length.

9.      The Court appoints Plaintiff Village Bank as the Settlement Class Representative.

10.     The Court appoints Bryan L. Bleichner and Karl L. Cambronne of Chestnut Cambronne PA as the Settlement Class Counsel.

11.     The Court appoints Analytics Consulting LLC as the Settlement Administrator, with responsibility for class notice and claims administration.

12.     The Settlement Administrator shall be paid from the Settlement Fund. Settlement Class Counsel may initially spend, without any additional approval, up to $50,000 from the Settlement Fund for the purposes of class administration and giving notice to the class. To the extent that the costs of administration of the Settlement and

3

notice exceed $50,000, such costs shall be paid out of the remainder of the Settlement Fund

Escrow Account; Caribou shall not bear any obligations relating to such costs.

13.     A Final Approval Hearing shall be held on December 1, 2020 at 9:30 a.m. in

Courtroom 12W of the Diana E. Murphy U.S. Courthouse, 300 South Fourth Street,

Minneapolis, MN 55415. This hearing will determine whether: (a) this matter should be

finally certified as a class action for settlement purposes pursuant to the class definition in

Paragraph 3; (b) the Settlement should be approved as fair, reasonable and adequate, and

finally approved pursuant to Fed. R. Civ. P. 23(e); (c) the Actions and the Complaint should

be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d)

Settlement Class Members should be bound by the releases set forth in the Settlement

Agreement; (e) the application of Settlement Class Counsel for an award of attorneys' fees,

costs and expenses (the "Fee Request") should be approved pursuant to Fed. R. Civ. P.

23(h); and (f) the application of Settlement Class Representatives for a Service Award (the

"Service Award Request") should be approved.

The submissions of the Parties in support of final approval of the Settlement shall

be filed with the Court no later than 30 days prior to the Final Approval Hearing and may

be supplemented up to 7 days prior to the Final Approval Hearing.

Settlement Class Representative's Service Payment Request and Settlement Class

Counsel's Fee Request shall be filed with the Court at least 21 days prior to the deadline

for submission of Objections.

14.     The Court approves the: proposed plan for notification of Class Members set

forth in paragraphs 11–21 of the Declaration of Richard W. Simmons with respect to the

4

settlement notice plan, the Notices attached to the Settlement Agreement as Exhibits 3–4, and the claim form attached as Exhibit 5 to the Settlement Agreement.

Within 30 days of entry of this Order, the Settlement Administrator shall send notice by United States Mail to all Settlement Class Members for which Settlement Class Counsel has a United States postal address. No later than 14 days after this Order is entered, Visa shall provide the information necessary to administer the Settlement to Settlement Class Counsel, Defense Counsel, and the Settlement Administrator. The mailed notice shall be substantially in the form of the Notice attached to the Settlement Agreement as Exhibit 3.

Thereafter, the Settlement Administrator shall publish notice substantially in the form of the Notice attached to the Settlement Agreement as Exhibit 4 in accordance with the Notice Plan. By the Notice Deadline, the Settlement Administrator shall create and maintain the Settlement Website, which will inform Settlement Class Members of the terms of the Settlement, their rights, dates and deadlines, and related information.

At least 35 days before the Final Approval hearing, the Settlement Administrator shall provide Class Counsel and Caribou with one or more affidavits setting forth the Settlement Administrator's execution of and compliance with the Notice Plan. Settlement Class Counsel shall file such affidavit with the Court in conjunction with Settlement Class Representative's motion for final approval of the Settlement Agreement.

15.     The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 14 of this Order and the Notice Plan: (a) will constitute the best practicable notice of the Settlement to the Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation

and Complaint, the terms of the Settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause. The Court further finds that both of the Notices are written in plain language, use simple terminology, and are designed to be readily understandable by Class Members.

16. The Court has evaluated the draft Class Action Fairness Act Notice attached to the Settlement Agreement as Exhibit 8. The Court finds that the form, content, and manner of service complies with 28 U.S.C. § 1715. The Court finds that the Attorney General of the United States is the "Appropriate Federal Official" and the Attorney Generals of each State are the "Appropriate State Official[s]" under § 1715(a). Within 30 days of this Order, Caribou shall file a notice of compliance with 28 U.S.C. § 1715 with the Court.

17. Any Class Member who wishes to be excluded ("opt out") from the Settlement Class must mail a signed, written request for exclusion that includes the Class Member's name, address, telephone number, statement that the Class Member wants to be excluded, the name of this proceeding (*Village Bank v. Caribou Coffee Company, et al.*), and signature. No request to opt out shall be valid unless the Class Member completes and signs the written request for exclusion in the form of Exhibit 7 to the Settlement Agreement or alternatively sends a letter or completed form by U.S. Mail, that includes all of the information listed above, to the Settlement Administrator at the address provided in the

6

Notices attached as Exhibits 3–4 to the Settlement Agreement, postmarked no later than 90 days after the date of this Order.

Each Class Member that submits a request to opt out in accordance with the above listed provisions shall be excluded from the Settlement Class. Each Class Member that does not submit a valid request to opt out, including Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Defendants' Released Persons asserting any of the Released Claims, shall remain in the Settlement Class and shall be bound by all subsequent proceedings, orders and judgments relating to the Settlement, including the Final Judgment, if it is entered.

Within 7 days after the date set forth in the Notices by which opt-out requests must be postmarked, Settlement Class Counsel shall cause the Settlement Administrator to send Settlement Class Counsel and Caribou's Counsel: (a) copies of all requests to opt out; and (b) a report identifying: (1) each Class Member that submitted a request to opt out; (2) the number of Eligible Accounts issued by each such Class Member; and (3) the Settlement Administrator's determination as to the validity or invalidity of each such Class Member's request to opt out pursuant to the provisions of this Order and Paragraph 49(a) of the Settlement Agreement (the "Opt-Outs Report").

No later than 14 days before the Final Approval Hearing date, Settlement Class Counsel shall cause the Settlement Administrator to file the then-operative Opt-Outs Report with the Court. To the extent there is any dispute between the Parties regarding any determination made in the Opt-Outs Report filed with the Court, the Parties shall present such dispute to the Court for resolution no later than 7 days before the Final Approval

Hearing. In the event that no dispute is presented, the "Final Opt-Outs Report" shall be the Opt-Outs Report filed with the Court pursuant to the first sentence of this paragraph. In the event that a Party presents a dispute to the Court pursuant to the second sentence of this paragraph, the "Final Opt-Outs Report" shall be the Opt-Outs Report filed with the Court as modified (if at all) by the Court's ruling on such dispute.

18.     Any Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Award Request, or the Fee Request (an "Objection"). The Court shall not consider a Settlement Class Member's objection unless, within 90 days of this Order, the Settlement Class Member files with the Clerk of Court and serves on Settlement Class Counsel and Caribou's Counsel written notice of the Objection at the addresses listed in the Notice attached to the Settlement Agreement as Exhibit 3.

Written notice of an Objection must include:

a.     The name of the proceeding;

b.     The full name of the objector and the full name, address, email address and telephone number of the person acting on its behalf;

c.     An explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.     Whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

e.     All grounds for the objection stated with specificity, accompanied by any legal support for the objection;

f.      The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation from objecting to the Settlement Agreement, Class Counsel's request for attorney's fees, costs, and expenses, or the application for Service Awards;

g.      The identity of all representatives (including counsel representing the objector) who will appear at the Final Approval Hearing;

h.      The number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders issued by trial and appellate courts related to or ruling upon the objector's prior such objections;

i.      The number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders issued by trial and appellate courts related to or ruling upon counsel's or the firm's prior such objections.

j.      If the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include: (1) a description of the attorney's legal background and prior experience in connection with class action

9

litigation; (2) the amount of fees sought by the attorney for representing

the objector and the factual and legal justification for the fees being

sought; (3) a statement regarding whether the fees being sought are

calculated on the basis of a lodestar, contingency, or other method; (4)

the number of hours already spent by the attorney and an estimate of the

hours to be spent in the future; and (5) the attorney's hourly rate.

k.   Any and all agreements that relate to the objection or the process of

objecting, whether written or verbal, between the objector or objector's

counsel and any other person or entity;

l.   A description of all evidence to be presented at the Final Approval

Hearing in support of the objection, including a list of any witnesses, a

summary of the expected testimony from each witness, and a copy of

any documents or other non-oral material to be presented;

m.   A statement indicating whether the objector intends to personally appear

and/or testify at the Final Approval Hearing; and

n.   The objector's signature on the written objection (an attorney's

signature is insufficient).

Any Settlement Class Member filing written notice of an Objection may be required

to sit for a deposition regarding matters concerning the Objection. Any Settlement Class

Members that fail to comply with the above-listed provisions shall waive and forfeit all

rights they may have to make an Objection.

Any Settlement Class Member that files and serves written notice of an Objection, as described above, may appear at the Final Approval hearing either through an authorized representative or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Fee Request, or the Service Award Request on the grounds set forth in such written notice. Settlement Class Members must serve a notice of intention to appear on Settlement Class Counsel and on Caribou's Counsel, and file said notice with the Court, at the addresses provided above no later than 90 days after entry of this Order.

If the Final Judgment is entered, any Settlement Class Member that fails to make an Objection in the manner prescribed herein shall be deemed to have waived its Objections and shall be forever barred from making any such Objections in this litigation or in any other proceeding, and from challenging any approval of the Settlement Agreement, the Fee Request, or the Service Award Request.

19.     The Settlement Agreement contemplates the establishment of a Settlement Fund and a claims process. Caribou shall cause its insurance carrier to deposit $4,250,000.00 to the escrow account within 30 calendar days following the execution of the Settlement Agreement. If the Effective Date occurs, Caribou shall deposit $1,566,250.00 to the escrow account within 14 calendar days of the Effective Date. Class Counsel and/or the Settlement Administrator shall timely furnish to Caribou any required account information, wiring instructions, or necessary forms before the payment is made. Up to $50,000 may be used to pay the costs of notice and administration of the Settlement without seeking approval from the Court ("Approved Administration Costs"). No funds

other than Approved Administration Costs may be distributed from the Settlement Fund until the Effective Date as described in the Settlement Agreement.

Settlement Class Representative and Caribou have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the Distribution Plan substantially in the form attached to the Settlement Agreement as Exhibit 1. The Court directs that the Settlement Administrator make the claim forms, or their substantial equivalents, available to Settlement Class Members in the manner specified in the Notice Plan.

The Settlement Administrator shall be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notices and the claim forms. If the Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notices and the claim forms shall be forever barred from receiving any such benefit. These Settlement Class Members shall in all other respects be subject to and bound by the provisions in the Settlement Agreement and the Final Judgment.

20.     This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of May 14, 2020 including with respect to any discovery pending as of May 14, 2020 or deadlines existing in the Litigation as of May 14, 2020, if the Final Judgment is not entered

or the Settlement is terminated in accordance with Paragraph 71 of the Settlement Agreement. In such event, (a) all funds remaining in the Settlement Fund as of the termination date (including any interest that has accrued), less any bills outstanding for the Settlement Administrator for approved costs under Paragraph 58, shall be returned to Caribou by the Settlement Administrator within 30 calendar days of the date on which the termination occurs, and (b) the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, except that the provisions set forth in Paragraphs 71–73, 76–77, 79, and 82 of the Settlement Agreement shall survive, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

21.     This Order shall have no force or effect if the Final Judgment is not entered or the Settlement is terminated in accordance with Paragraph 71 of the Settlement Agreement. This Order shall not be construed as an admission, concession, declaration, or waiver by or against Caribou, a Settlement Class Representative, or a Settlement Class Member.

22.     All discovery and deadlines set by the Court in the Litigation are stayed and suspended effective May 14, 2020 pending the Final Approval Hearing and the Court's decision on the Final Judgment.

Any actions or proceedings pending in any court in the United States filed by Settlement Class Members based on or relating to the Data Breach are stayed pending the Final Approval Hearing and the Court's decision on the Final Judgment.

In addition, pending the Final Approval Hearing and the Court's decision on the Final Judgment, all Class Members that have not submitted a valid request to opt out are enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from, any other lawsuit, arbitration, or other proceeding in any jurisdiction based on or relating to the Data Breach or the claims and causes of action alleged in any of the Actions or in the Financial Institution Complaint. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction. The Court further finds that no bond is necessary for issuance of this injunction.

23.    The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

Dated: July 23, 2020                              s/Joan N. Ericksen_____
                                                  JOAN N. ERICKSEN
                                                  United States District Judge

14