UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Village Bank, on behalf of itself and all
others similarly situated,

        Plaintiff,

v.

Caribou Coffee Company, Inc.,
Bruegger's Enterprises, Inc., Einstein &
Noah Corp., and Einstein Noah Restaurant
Group, Inc.,

        Defendants.

Case No. 19-cv-1640 (JNE/HB)
ORDER AND JUDGMENT

     A Final Approval Hearing was held before this Court on December 1, 2020, to consider, among other things, whether the Settlement Agreement and Release dated May 14, 2020, including the exhibits attached thereto (collectively, the "Settlement Agreement") between the Settlement Class Representative on behalf of themselves and Settlement Class Members, by and through Settlement Class Counsel, and Defendants Caribou Coffee Company, Inc., Bruegger's Enterprises, Inc., Einstein & Noah Corp., and Einstein Noah Restaurant Group, Inc. (collectively, "Caribou") by and through Caribou's Counsel, represents a fair, reasonable and adequate settlement of the Litigation as well as the amount to be paid to Settlement Class Counsel as fees and litigation costs for prosecuting the Litigation and a service payment to be paid to the Settlement Class Representative. Based on the Settlement Agreement, the Settlement Class Representative's Unopposed Motion for Final Approval of Class Action Settlement (ECF

1

No. 65), the Settlement Class Representative's Motion for an Award of Attorneys' Fees, Expenses, and Service Payments for Settlement Class Representative (ECF No. 53), the submissions of the Settlement Class Representative in support of final approval of the settlement and all prior proceedings herein and good cause appearing based on the record, the Court ORDERS, ADJUDGES, AND DECREES as follows:

  1. The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein. *See* Decl. of Bryan L. Bleichner (ECF No. 48-1 Ex. A).

  2. The Court has jurisdiction over the subject matter of the Litigation and the Complaint and personal jurisdiction over the Parties and Settlement Class Members.

  3. On July 24, 2020, the Court entered an Order Preliminarily Approving Class Action Settlement and Directing Notice to the Settlement Class (ECF No. 51) ("Preliminary Approval Order") that certified the Settlement Class, preliminarily approved the Settlement Agreement, directed notice of the proposed settlement to the Settlement Class, and established a hearing date to consider the final approval of the Settlement Agreement, Settlement Class Counsel's request for a Service Award to the Settlement Class Representative (the "Service Award Request") and motion for attorneys' fees, costs and, expenses (the "Fee Request").

  4. In the Preliminary Approval Order, the Court approved the Notice Plan described in paragraphs 11-21 of the Declaration of Richard W. Simmons (ECF No. 49) ("Notice Plan") and the Notices and Claim Form, and found that the forms, content and method of giving notice to the Settlement Class constitute the best practicable notice to

the Settlement Class and are reasonable. A declaration confirming that the Notices have been mailed, published and distributed pursuant to the Notice Plan and the Preliminary Approval Order has been filed with the Court. *See* Decl. of Kari Schmidt ¶¶ 5-9. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement.

     5.     The Notices and the Notice Plan provided the best notice practicable under the circumstances to the Class Members and fully satisfied the requirements of due process under the United States Constitution and Federal Rule of Civil Procedure 23. Based on the evidence and information supplied to the Court in connection with the Final Approval Hearing held on December 1, 2020, the Court finds that the Notices were adequate and reasonable. The Court further finds that through the Notices, the Class Members have been apprised of the nature and pendency of the Litigation, the terms of the Settlement Agreement, as well as their rights to request exclusion, object, and/or appear at the final approval hearing.

     6.     The Court finds that Caribou has complied with the requirements of 28 U.S.C. § 1715.

     7.     The Court finds that the Settlement Class Representative is similarly situated to absent Class Members and is typical of the Class and is an adequate Settlement Class Representative, and that Settlement Class Counsel and the Settlement Class Representative have fairly and adequately represented the Settlement Class. The Court grants final approval to its appointment of Settlement Class Counsel and Settlement Class Representative as provided in the Preliminary Approval Order at ¶ 3

(ECF No. 51), appointing the following firm and individuals as Settlement Class Counsel:

> CHESTNUT CAMBRONNE PA
> Bryan L. Bleichner
> Karl L. Cambronne
> 100 Washington Avenue South, Suite 1700
> Minneapolis, MN 55401
> Telephone: (612) 339-7300
> bbleichner@chestnutcambronne.com
> kcambronne@chestnutcambronne.com

and appointing as Settlement Class Representative Village Bank.

8. The Court certifies the following Settlement Class under Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All banks, credit unions, financial institutions, and other entities in the United States (including its Territories and the District of Columbia) that issued Visa- and/or MasterCard-branded payment cards (including debit or credit cards) that were affected by the Data Breach and/or part of initial and/or final alerts from Visa or MasterCard related to the Data Breach.

9. The Court has ruled on all disputes that the Parties presented regarding the Opt-Outs Report, and made any necessary modifications to the Opt-Outs Report, at least seven (7) days prior to the entry of this Final Judgment.

10. Excluded from the Settlement Class is Metro CU Federal Credit Union, the sole Class Member that submitted a valid request from the Settlement Class. Metro CU Federal Credit Union shall not receive any benefits of the Settlement Agreement and shall not be bound by this Final Judgment.

11. The Court finds that the Settlement Class defined above satisfies the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for Settlement Purposes in that: (a) the Settlement Class is so numerous that joinder of all Settlement

4

Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representative and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Settlement Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

12.   Rule 23(e)(2) requires that: the court may approve [a proposed class-action settlement] only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

   (A) the class representatives and class counsel have adequately represented the class;

   (B) the proposal was negotiated at arm's length;

   (C) the relief provided for the class is adequate, taking into account:

      (i) the costs, risks, and delay of trial and appeal;

      (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

      (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiff and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims in data-breach claims at trial, including the possibility that Caribou could prevail on one or more of the defenses pleaded in its Answer and open questions under section 325E.64 of the Minnesota Statutes; having considered the range of Plaintiff's possible recovery (and that of the Settlement Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

(a) Plaintiff and Class Counsel have adequately represented the proposed settlement class;

(a) the terms of the Settlement Agreement were negotiated at arm's length, advocated by experienced counsel for Plaintiff and Caribou, with the assistance of a neutral mediator;

(c) the outcome of the Litigation is in doubt;

(d) it is possible the proposed Settlement Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Settlement Class could receive less (including the possibility of receiving nothing) and/or that Caribou could defeat certification;

(e) the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

(f) the Parties have in good faith determined the Settlement Agreement is in their

6

respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interest of the Settlement Class Members;

(g) the aggregate consideration for the Settlement Class—including both the Settlement Fund, which Caribou shall fund, and other forms of relief Caribou agreed to—is commensurate with the claims asserted and that will be released as part of the Settlement; and

(h) the terms of the Settlement Agreement treat the Settlement Class Members equitably relative to each other and fall well within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members.

13. The Court approves the Distribution Plan attached as Exhibit A-1 to the Settlement Agreement and orders the Settlement Administrator to distribute the Settlement Fund to Settlement Class Members in accordance with the terms of the Distribution Plan. As provided in the Settlement Agreement, to the extent that any funds remain, no portion of the Settlement Fund shall be returned to Caribou. Any such remaining funds will be distributed by the Settlement Administrator as directed by the Court or its designee, upon application of Settlement Class Counsel. The Parties will confer and attempt to agree upon a recommendation for the distribution of any such remainder. The Court finds that the Parties face significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class

7

Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

14. The Court recognizes that there have been no objections to the Settlement Agreement, the Fee Request, or the Service Payment Request filed with the Court or submitted by Settlement Class Counsel with the Motion for Final Approval.

15. As of the Effective Date, the Settlement Class Representative and all other Settlement Class Members, on their own behalves and on behalf of any current and former parents, subsidiaries, affiliated companies, and divisions, and Plaintiff's counsel of record ("Plaintiff Releasing Parties"), shall be deemed to have waived any right to assert against Caribou Coffee Company, Inc., Bruegger's Enterprises, Inc., Einstein & Noah Corp., and Einstein Noah Restaurant Group, Inc.; and each of its or their respective current and former parents, subsidiaries, affiliated companies, and divisions, whether indirect or direct, and the respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, reinsurers, shareholders, members, advisors, consultants, representatives, partners, joint venturers, and assigns ("Defendants' Released Persons"), and to have irrevocably released and forever discharged the Defendants' Released Persons from and for, any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they ever had, now

have, or may claim now or in the future to have, that (i) were alleged or asserted against any of the Defendants' Released Persons in the Complaint or that could have been alleged or asserted against any of the Defendants' Released Persons in the Complaint; (ii) arise out of the same nucleus of operative facts as any of the claims alleged or asserted in the Compliant; or (iii) arise out of the Data Breach or any disclosures or notices that Caribou made or failed to make about the Data Breach ("Plaintiffs' Released Claims").

16. As of the Effective Date, Caribou shall be deemed to have waived any right to assert against the Settlement Class Representative and Settlement Class Counsel and to have irrevocably released and forever discharged the Plaintiff's Released Persons from and for, any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which it ever had, now has, or may claim now or in the future to have, relating to the institution or prosecution of the Litigation ("Caribou Released Claims").

17. Unknown claims mean claims that Caribou and the Plaintiff Releasing Parties do not know or suspect to exist in their favor as of the entry of the Final Judgment, which if known by them might have affected their settlement of the Complaint. It is the intention of the Parties and the Settlement Class Members that, upon the Effective Date, Caribou and each of the Plaintiff Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and

relinquished, to the fullest extent permitted: (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, federal law, or principle of common law which is similar, comparable, or equivalent to section 1542 of the California Civil Code, the provisions, rights and benefits of any statute or law which might otherwise render a general release unenforceable with respect to unknown claims. Section 1542 of the California Civil Code reads:

> Section 1542. General Release, extent. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his settlement with the debtor or released party.

Upon the Effective Date, Caribou and each of the Plaintiff Releasing Parties shall be deemed to have acknowledged that such party is aware that such party may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Plaintiffs' Released Claims and Caribou Released Claims, but it is such party's intention to, and each of them shall be deemed upon the Effective Date to have waived and fully, finally, and forever settled and released any and all Plaintiffs' Released Claims and Caribou Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

18.    Caribou and the Plaintiff Releasing Parties are hereby enjoined from prosecuting any claim they have released in any proceeding against any of the Plaintiff Released Persons, Defendants' Released Persons or based on any actions taken by any of

the Plaintiff Released Persons or Defendants' Released Persons that are authorized or required by the Settlement Agreement or by the Final Judgment. The Settlement Agreement and/or this Final Judgment may be pleaded as and shall operate as a complete defense to any such proceeding.

19. This Final Judgment shall not be: (1) construed as an admission or concession by Caribou of the truth of any of the allegations in the Actions or in the Complaint, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission or concession by the Settlement Class Representative or the Settlement Class as to any lack of merit of the claims in the Actions or in the Complaint.

20. Nothing contained herein, or in any document or instrument contemplated by the Settlement, is to be construed as an admission of wrongdoing or liability by any party, such wrongdoing and liability being expressly denied, and no final adjudication having been made. The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party. Pursuant to Federal Rule of Evidence 408, the entering into and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

21. Notwithstanding the foregoing, nothing in this Final Judgment shall be

interpreted to prohibit the use of this Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or this Final Judgment, or to defend against the assertion of Plaintiffs' Released Claims or Caribou Released Claims in any other proceeding, or as otherwise required by law.

22. Settlement Class Counsel have moved for an award for attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and having reviewed the Fee Request, supporting memorandum and associated papers and having considered the factors for assessing the reasonableness of a class action fee request, the Court makes the following findings of fact and conclusions of law:

    a. The Settlement confers benefits on the Settlement Class that are substantial when assessed in light of the risk of establishing liability and damages in this case;

    b. There were no objections by Settlement Class Members to the requested fee award;

    c. Settlement Class Counsel have effectively prosecuted this class action on behalf of members of the Settlement Class, on a contingent basis and with no guarantee they would be compensated for the time, resources, and expenses devoted to prosecuting the case;

    d. Settlement Class Counsel undertook risk of nonpayment in connection with the prosecution of this action on behalf of the Settlement Class;

    e. Settlement Class Counsel have reasonably expended over 885.5 hours and incurred substantial out-of-pocket expenses in prosecuting this action;

f.  The Settlement, which reflects a successful outcome on behalf of the Settlement Class, was achieved for the benefit of the Settlement Class as a direct result of Settlement Class Counsel's advocacy and work on behalf of the Settlement Class;

g.  The Settlement was reached following negotiations held in good faith, in the absence of collusion and under the supervision of a skilled mediator, former Chief Magistrate Judge Arthur J. Boylan;

h.  Settlement Class Members were advised in the Notices, which were approved by this Court, that Settlement Class Counsel intended to move for an award of attorneys' fees, costs and expenses, and a Service Award;

i.  Settlement Class Counsel have moved for a Service Award of $15,000;

j.  Settlement Class Counsel has moved for an award of attorneys' fees, costs and expenses in the amount of $1,464,055.88, which motion has been on the docket and publicly available since October 1, 2020; and

k.  The hourly rates used by Settlement Class Counsel in calculating lodestar and the number of hours expended in prosecuting the case for the benefit of the Settlement Class are reasonable, as is the lodestar amount submitted by Settlement Class Counsel, which the Court has considered as one factor in evaluating the fee request. The expenses necessarily incurred by Settlement Class Counsel as shown in Class Counsel's request for an award of attorneys' fees, costs and expenses are reasonable.

23.  Accordingly, in consideration of the foregoing, Settlement Class Counsel

are hereby awarded attorneys' fees, costs and expenses in the amount of $1,464,055.88. The Court finds this award to be fair and reasonable. The awarded fees and expenses shall be paid to Settlement Class Counsel in accordance with the terms of the Settlement Agreement. Settlement Class Counsel shall be solely responsible for distributing the attorneys' fees, costs, and expenses.

24. Settlement Class Counsel have also requested that a Service Award be approved and paid to the Class Representative in recognition of its services provided for the benefit of the Settlement Class. The Settlement provides for payment of the Service Award. The Court, having reviewed the Service Award Request, as well as the supporting memorandum and associated papers, hereby finds that a Service Award to the Settlement Class Representative in the amount of $15,000.00 is fair, reasonable and appropriate in light of the service the Class Representative has provided on behalf of and for the benefit of the Settlement Class, and hereby approves a Service Award to the Settlement Class Representative in such amount. The Service Award shall be paid in accordance with the terms of the Settlement Agreement.

25. At any time after entry of this Final Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Caribou's Counsel and Settlement Class Counsel in their discretion without giving any additional notice to the Settlement Class, provided that such modifications do not limit the rights of the Settlement Class Members under the Settlement Agreement.

26. The Court hereby dismisses the Litigation and the Complaint with prejudice, without fees or costs to any Party except as provided in this Final Judgment.

27. If the Settlement is terminated in accordance with Paragraph 71 of the Settlement Agreement, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

28. If the Settlement is terminated pursuant to Paragraph 71 of the Settlement Agreement, (a) the Settlement Agreement shall have no effect on the rights of the Parties or the Settlement Class Members (i) to take any action in support of or in opposition to the Class Certification Order, or (ii) to prosecute or defend the Litigation, the Complaint, or any other related action, and (b) subject expressly to the reservation and preservation of rights and defenses, all Parties and Settlement Class Members shall be restored to their respective positions as of May 14, 2020. In such event, (a) all funds remaining in the Settlement Fund as of the termination date (including any interest that has accrued), less any bills outstanding for the Settlement Administrator for approved costs under Paragraph 58, shall be returned to Caribou by the Settlement Administrator within thirty calendar days of the date on which the termination occurs, and (b) the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, except that the provisions set forth in Paragraphs 71-73, 76-77, 79, and 82 of the Settlement Agreement shall survive, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

29. Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

30. Without affecting the finality of this Final Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of any of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreement or the implementation of this Final Judgment.

31. This Final Judgment shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

32. Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay and expressly DIRECTS that this Final Judgment be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED.**

Dated: December 1, 2020

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
